# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LEE O. KRAUS, JR.** | **Case No. 20-50946 JAM** |
| Debtor | December 1, 2020 |

## LIMITED OBJECTION TO DEBTOR'S APPLICATION
## TO EMPLOY JEFF KING AS SPECIAL COUNSEL

Creditor Jill D. Olsen, in her capacity as the Chapter 7 Trustee of Xurex, Inc. ("the Chapter 7 Trustee"), by and through counsel, hereby makes the following limited objection to the Debtor's Application to Employ Jeff King as Special Counsel:

1. On March 27, 2020, following a two-week jury trial in November 2019 that resulted in verdicts in favor of the bankruptcy estate of Xurex, Inc., the United States District Court for the Western District of Missouri entered judgment against Lee O. Kraus, Jr. ("Mr. Kraus" or "Debtor"), in the amount of $24,414,522.[1]

2. Thereafter, on April 9, 2020, Mr. Kraus filed a motion to stay execution of the judgment which the United States District Court for the Western District of Missouri granted in part and denied in part.[2] In that order, the court conditioned a stay of execution through any post-trial motions and appeal on: (1) Mr. Kraus obtaining a $2,000,000 bond, (2) prohibiting Mr. Kraus from transferring any funds or assets outside of the ordinary course of business or for less than a

---

[1] *See Enslein v. Di Mase et al.*, Case No. 4:16-CV-09020-ODS (W.D. Mo.) (Dkt. No. 665). The Court subsequently awarded the Chapter 7 Trustee both post-judgment interest and costs. *See id.* (Dkt. Nos. 687, 695).

[2] *See id.* (Dkt. No. 683).

75664367.3

reasonably equivalent value, and (3) Mr. Kraus consenting to a tolling of the statute of limitations applicable to fraudulent transfer claims.[3]

3. Mr. Kraus failed to post the required bond and consent to the tolling of the statute of limitations applicable to fraudulent transfer claims.

4. On July 31, 2020, the United States District Court for the Western District of Missouri (1) denied Mr. Kraus' Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial, and (2) granted the Chapter 7 Trustee's Motion to Certify the Judgment in the Districts of Connecticut and Kansas for purposes of commencing execution. *See id.* (Dkt. No. 696).

5. Thereafter, in August 2020, the Chapter 7 Trustee placed liens on valuable real estate of Mr. Kraus located in the Districts of Connecticut and Kansas.

6. On August 24, 2020, Mr. Kraus filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. *See id.* (Dkt. No. 699). He again failed to post a bond to stay execution of the judgment pending appeal.

7. On November 12, 2020, the instant case was commenced by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

8. On November 12, 2020, Debtor also filed his Application to Employ Jeff King as Special Counsel for the purpose of handling Debtor's appeal in the United States Court of Appeals for the Eighth Circuit. *See* Dkt. No. 5 (herein).

---

[3] In the Chapter 7 Trustee's opposition to Mr. Kraus' motion to stay execution, the Chapter 7 Trustee noted several questionable transactions that Mr. Kraus entered into with his wife, commencing shortly after the jury verdict was entered against Mr. Kraus on November 15, 2019. *See id.* (Dkt. No. 671). The first such transaction, dubbed an "Open-End Mortgage Deed," was dated November 25, 2019, purported to provide Mr. Kraus' wife with a lien on his one-half interest in certain Connecticut real estate in exchange for a purported loan to Mr. Kraus of $104,000. At this time, it appears that Mr. Kraus and his wife have purportedly entered into at least four such "Open-End Mortgage" arrangements.

9. The Chapter 7 Trustee makes a limited objection to this Application and respectfully requests that should the Application be granted that it be conditioned on the disclosure of additional information discussed herein below.

10. First, in Mr. King's Declaration of Attorney attached to the Application, he states that "[m]y firm has agreed to accept $96,000 *as a flat fee* for representation in this matter which has been previously received from Mr. Kraus." *See id.* (Decl. of Attorney ¶ 7) (emphasis added).

11. However, the Application also states that "[a]ny further request for compensation or reimbursement shall be subject to application to and approval of this Court," making it unclear whether or not Mr. King's engagement is, in fact, on a flat fee basis. *See id.* (Application to Employ ¶ 4).

12. It is unclear if Debtor is seeking to reserve in Mr. King the right to seek compensation above the $96,000 flat fee or whether Debtor is simply noting that Mr. King will obtain Court approval before he draws down on the retainer post-petition. The Chapter 7 Trustee therefore requests that the Court direct the Debtor clarify his request and also to provide the Chapter 7 Trustee with a copy of Mr. King's engagement letter.

13. Second, Mr. King states in his Declaration of Attorney that he was retained by Mr. Kraus on August 12, 2020. *See id.* (Decl. of Attorney ¶ 3). However, he does not state when he was paid the $96,000 flat fee nor from whom he received the $96,000 flat fee.

14. The Chapter 7 Trustee notes that Mr. Kraus purportedly entered into an "Open-End Mortgage Deed" with his wife on August 14, 2020, whereby his wife purportedly loaned Mr. Kraus $96,000, the exact same amount as Mr. King's flat fee.

15. The Chapter 7 Trustee requests that the Court also direct that (1) Debtor disclose whether Mr. Kraus or his wife made the payment to Mr. King, (2) Debtor disclose the date the

check was provided to Mr. King or his firm and the date cashed, or the date of any wire transfer to Mr. King or his firm, and (3) Debtor disclose if any time or expense was incurred before the receipt of the deposit and the amount of any portion of the retainer being applied to time or expenses incurred prior to the receipt of the retainer.

16. Finally, while not directly at issue in the instant Application, the Chapter 7 Trustee notes for the Court that post-petition, the Debtor filed his opening appellate brief and has made related filings in the United States Court of Appeals for the Eighth Circuit without seeking relief from the automatic stay. *See In re Sofer*, 507 B.R. 444, 449 (Bankr. E.D.N.Y. 2014) (noting that "[a] debtor may be liable for violating the automatic stay" and that 11 U.S.C. § 362(a) "operates as a stay, applicable *to all entities*.") (emphasis in the original). It is the Chapter 7 Trustee's position that the Debtor should expeditiously seek relief from the automatic stay so that his appeal may proceed forthwith but on certain conditions that the Chapter 7 Trustee will request in response to a request for such relief and that the Chapter 7 Trustee not be prejudiced as to any responsive pleading by virtue of being itself stayed from proceeding.[4]

WHEREFORE, the Chapter 7 Trustee respectfully requests that the granting of Debtor's Application to Employ Jeff King as Special Counsel be conditioned on (1) Debtor clarifying whether Debtor is seeking to reserve in Mr. King the right to seek compensation above the $96,000 flat fee or whether Debtor is requesting that Mr. King simply must obtain Court approval before he draws down on the retainer post-petition, (2) Debtor providing the Chapter 7 Trustee with a copy of Mr. King's engagement letter, (3) Debtor disclosing whether Debtor or his wife paid Mr.

---

[4] In suggesting that the Debtor should seek relief from the automatic stay, the Chapter 7 Trustee is not waiving any rights, including but not limited to, the right to seek dismissal of Mr. Kraus' bankruptcy petition on the grounds that the Debtor did not possess a good faith intent to reorganize on the date the petition was filed and has used the bankruptcy process solely as means to delay and frustrate creditors. *See e.g.*, *In re. Slettleland*, 260 B.R. 657 (Bankr. S.D.N.Y. 2001).

75664367.3

King the $96,000 flat fee and the date of such payment and when such payment was cashed, and (4) Debtor disclose if any time or expense was incurred before the receipt of the deposit and the amount of any portion of the retainer being applied to time or expenses incurred prior to the receipt of the retainer, and for such other relief as the Court deems just and proper.

Dated:  December 1, 2020

Respectfully submitted,

*/s/ Paul J. Roshka, Jr.*
Paul J. Roshka, Jr.                    CT #051800
**POLSINELLI PC**
CityScape
One E. Washington St., Suite 1200
Phoenix, AZ  85004
Phone:  (602) 650-2000
Fax:  (602) 264-7033
proshka@polsinelli.com

**ATTORNEYS FOR CREDITOR
JILL D. OLSEN, CHAPTER 7 TRUSTEE FOR
XUREX, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served the 1st day of December, 2020 via the Court's CM/ECF Service on the Office of the United States Trustee and all appearing parties qualified to receive electronic notice.

*/s/ Paul J. Roshka, Jr.*
Attorney for Creditor,
Jill D. Olsen, Chapter 7 Trustee for Xurex, Inc.

75664367.3