B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Connecticut

**AMENDED**

In re   Lee O. Kraus, Jr.
                            Debtor(s)

Case No.   20-50946
Chapter    11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 47,763.00 |
   | Prior to the filing of this statement I have received | $ 47,763.00 |
   | Balance Due | $ 0.00 |

2. The source of the compensation paid to me was:

   ☑ Debtor    ☑ Other (specify):   Debtor (including a payment loaned to debtor by Debtor's spouse, who, upon Debtor's request and directions, wired funds to counsel that she had held in retirement accounts)

3. The source of compensation to be paid to me is:

   ☑ Debtor    ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Such litigation as Debtor and counsel deem appropriate and necessary;
   e. Reports, motions, plans, disclosure statements as are necessary and appropriate;
   f. Such other services as are required by the Debtor in Possession

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| December 7, 2020 | /s/ Carl T. Gulliver |
| Date | Carl T. Gulliver ct00944 |
| | *Signature of Attorney* |
| | Coan, Lewendon, Gulliver & Miltenberger, LLC |
| | 495 Orange Street |
| | New Haven, CT 06511-3809 |
| | 203-624-4756  Fax: 203-865-3673 |
| | cgulliver@coanlewendon.com |
| | *Name of law firm* |

## COAN, LEWENDON, GULLIVER & MILTENBERGER, LLC

ATTORNEYS AT LAW

495 ORANGE STREET

NEW HAVEN, CONNECTICUT 06511

RICHARD M. COAN
CARL T. GULLIVER
WHITNEY M. LEWENDON
TIMOTHY D. MILTENBERGER

CHRISTOPHER M. ROYSTON
-OF COUNSEL-

TIMOTHY M. LEWENDON

TELEPHONE
(203) 624-4756
TELEFAX
(203) 865-3673

December 6, 2020

*Via Email Only*: Lee.Kraus@compositecapital.net
Lee Kraus
505 Stanwich Road
Greenwich CT 06831

    Re:    *Retainer Agreement*

Dear Mr. Kraus:

    This letter shall amend our agreement set forth in the letter dated November 22, 2019 and executed by you on December 2, 2019 (the "Initial Engagement Agreement"). That prior letter anticipated a possible emergency filing under Chapter 11 of the Bankruptcy Code that you were contemplating at the time. This letter presents the same terms as in the original letter, but specifically applies to the Chapter 11 case that we commenced on your behalf by the filing of petition on November 12, 2020 (the "Petition Date") in which we represent you as debtor in possession upon a general retainer for all purposes relevant to the chapter 11. You understand by this agreement we are not undertaking any role in your pending appeal to the Eighth Circuit Court of Appeals or any other role in connection with that litigation.

    I will set forth in this letter the parameters of this representation and ask that you sign and return a copy should you determine to proceed, indicating you have reviewed and agreed to the terms.

    As you will recall with the Initial Engagement Agreement you paid a retainer of $15,000. Pursuant thereto you also paid an additional sum to bring the credit balance to $40,000 as of a few days prior to the Petition Date. At the filing of the petition we held the balance of $37,985 in trust, having drawn on the total funds paid for services rendered and costs incurred up to the filing. You understand that our right to draw on the funds remaining in our trust account as of the Petition Date is

Lee Kraus
December 6, 2020
Page 2

subject to court authorization and you will be given the opportunity to review any such application prior to our filing same.

Our original retainer letter involved an agreement with your wife, necessary at the time, that she would pay a portion of your retainer after the filing of a petition if you determined that a petition under chapter 11 must be filed prior to or at the beginning of this calendar year. That possibility did not come to pass and those provisions of course are no longer relevant. As you are aware we did not at any time represent your wife or anyone else but you. While I know that your wife has separate counsel to whom we referred her when we first met, it is important that I make clear that our representation of anyone but you as individual debtor in the chapter 11 is forbidden by ethical standards.

We must make clear that the foregoing is only the initial retainer for our services in connection with the chapter 11. Our fees are charged in chapter 11 on an hourly basis upon rates as set forth below. In addition, you will be responsible for reimbursement of expenses incurred in connection with this engagement, but all fees and costs will be due only as allowed by the court. It is very possible that the total cost of a chapter 11 reorganization may exceed the requested retainer. Depending on the circumstances as the case develops the fees and costs can be significantly greater than what we request before filing. You agree by your signature below to pay the required retainer prior to filing, which you have already paid, and to pay all fees and costs thereafter when, and to the extent, allowed by the Court.

Our original retainer letter involved an agreement with your wife, necessary at the time, that she would pay a portion of your retainer after the filing of a petition if you determined that a petition under chapter 11 must be filed prior to or at the beginning of this calendar year. That possibility did not come to pass and those provisions of course are no longer relevant. As you are aware, we did not at any time represent your wife or anyone else but you. While I know that your wife has separate counsel to whom we referred her when we first met, it is important that I make clear that our representation of anyone but you as individual debtor in the chapter 11 is forbidden by ethical standards.

As this matter develops, we may make use of the various personnel in our office, including other partners and paralegals, who may be appropriate in the preparation and conduct of various aspects of this case. We believe we will be able to most efficiently provide the services required using personnel whose capability and experience are commensurate with the task required. Nonetheless, you must understand that my involvement will be necessary in every aspect of the analysis and strategy development. My normal hourly rate is $430. Paralegals are charged at $95 and $110, associate attorneys at $175, and other principals are charged at $300 to $430 per hour. From time to time it is necessary that we adjust these rates to account for increasing costs and therefore it is necessary that we reserve the option to provide notice of a change of rates during the case.

We will try to keep you fully informed of developments in your case. As part of this effort we will send copies of all filings, correspondence, and relevant papers to you which you should save for future reference. While we are obligated to maintain certain materials in hard copy for a limited time,

Lee Kraus
December 6, 2020
Page 3

other materials are only maintained by us in digital format and may be discarded completely after six years. By your signatures below you agree to this handling of the file.

You may terminate this representation at any time with or without cause by notifying us in writing of your desire to do so. As court approved chapter 11 general counsel our withdrawal can only be effected with authorization of the bankruptcy judge which we would promptly request. Upon receipt of the notice to terminate representation and authorization of the court, we will cease all legal work on your behalf immediately. You will be responsible for paying all legal fees, expenses and disbursements incurred on your behalf in this matter until written notice of termination and court authorization is received by our firm.

To the extent permitted by rules of professional responsibility and the court, we may terminate our representation at any time if you breach any material term of this agreement, fail to cooperate or follow our advice on a material matter, if a conflict of interest develops or is discovered, or if there exists, at any time, any fact or circumstance that would, in our opinion, render our continuing representation unlawful, unethical, or otherwise inappropriate.

If we elect to terminate our representation, you will timely take all steps reasonably necessary and will cooperate as reasonably required to relieve us of any further obligation to perform legal services, including the execution of any documents necessary to complete our withdrawal from representation. In such case, you agree to pay for all legal services performed and any legal fees, expenses or disbursements incurred on your behalf before the termination of our representation in accordance with the provision of this agreement.

If you understand and agree to the representation and the fee arrangement set forth herein, please print and sign this letter indicating your agreement and return it to me. If you have any questions, please contact me at any time.

Very truly yours,

Carl T. Gulliver

CTG/bms

Agreed:

By: _____    Date: 12/6/2020
Lee Kraus

## COAN, LEWENDON, GULLIVER & MILTENBERGER, LLC

ATTORNEYS AT LAW
495 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

RICHARD M. COAN
CARL T. GULLIVER
WHITNEY M. LEWENDON
TIMOTHY D. MILTENBERGER

TELEPHONE
(203) 624-4756
TELEFAX
(203) 865-3673

CHRISTOPHER M. ROYSTON
-OF COUNSEL-

TIMOTHY M. LEWENDON

November 22, 2019

*Via Email Only:* Lee.Kraus@compositecapital.net
Lee Kraus
505 Stanwich Road
Greenwich CT 06831

    *Re:*    *Retainer Agreement*

Dear Mr. Kraus:

    As we have discussed, this letter will set forth my firm's fee requirements for the preparation of an emergency chapter 11 petition and other documents that are essential to the commencement of a case, along with our requirements for the filing of a petition if that should become necessary. This retainer will also cover general advice and consultation in preparation for such filing.

    I will set forth in this letter the parameters of this representation and ask that you sign and return a copy should you determine to proceed, indicating you have reviewed and agreed to the terms.

    In this case we require an initial retainer of $15,000.00 for preparation of initial pleadings necessary for an emergency chapter 11 proceeding and development of case strategy. We will be billing against this retainer from time to time for fees at our normal hourly rates and for costs incurred that are specific to this representation. At any time when less than $2500 remains you agree to refresh the retainer to its original balance.

    Prior to commencement of a chapter 11 proceeding you further agree to bring the total retainer balance then remaining up to $40,000; however, if we determine the initial filing must occur prior to January 10, 2020, we agree you may bring the retainer to $20,000 prior to the filing and Bette agrees to pay to us directly from her funds the balance of $20,000 on January 10th. All funds paid to the firm must be cleared prior to the filing and therefore you should be prepared to pay these sums by cashier's check or wire. We must make clear that the foregoing is only the initial retainer. It is very possible that the total cost of a chapter 11 reorganization may exceed the requested retainer. Depending on the circumstances as the case develops the fees and costs can be significantly greater than what we request before filing. While compensation of professionals after filing is subject to

Lee Kraus
November 22, 2019
Page 2

court approval, you agree by your signature below to pay the retainer prior to filing, and to pay all fees and costs thereafter when allowed by the Court.

Should our strategy or our role change, please understand that retention requirements also will change. This agreement does not anticipate, for instance, that we as your bankruptcy counsel are engaging in any negotiations with your creditors prior to the filing. If you and your litigation counsel determine that negotiations could be aided by our participation, we may have to revisit our pre-bankruptcy retention requirements.

As this matter develops we may make use of the various personnel in our office, including other partners and paralegals, who may be appropriate in the preparation and conduct of various aspects of this case. We believe we will be able to most efficiently provide the services required through the use of personnel whose capability and experience are commensurate with the task required. Nonetheless, you must understand that my involvement will be necessary in every aspect of the analysis and strategy development. My normal hourly rate is $430. Paralegals are charged at $95 and $110, associate attorneys at $175, and other principals are charged at $300 to $430 per hour. From time to time it is necessary that we adjust these rates to account for increasing costs and therefore it is necessary that we reserve the option to provide notice of a change of rates during the case.

We will try to keep you fully informed of developments in your case. As part of this effort we will send copies of all filings, correspondence and relevant papers to you which you should save for future reference. While we are obligated to maintain certain materials in hard copy for a limited time, other materials are only maintained by us in digital format and may be discarded completely after six years. By your signatures below you agree to this handling of the file.

You may terminate this representation at any time with or without cause by notifying us in writing of your desire to do so. As court approved chapter 11 general counsel our withdrawal can only be effected with authorization of the bankruptcy judge which we would promptly request. Upon receipt of the notice to terminate representation and authorization of the court, we will cease all legal work on your behalf immediately. You will be responsible for paying all legal fees, expenses and disbursements incurred on your behalf in this matter until written notice of termination and court authorization is received by our firm.

To the extent permitted by rules of professional responsibility and the court, we may terminate our representation at any time if you breach any material term of this agreement, fail to cooperate or follow our advice on a material matter, if a conflict of interest develops or is discovered, or if there exists, at any time, any fact or circumstance that would, in our opinion, render our continuing representation unlawful, unethical, or otherwise inappropriate.

Lee Kraus
November 22, 2019
Page 3

    If we elect to terminate our representation, you will timely take all steps reasonably necessary and will cooperate as reasonably required to relieve us of any further obligation to perform legal services, including the execution of any documents necessary to complete our withdrawal from representation. In such case, you agree to pay for all legal services performed and any legal fees, expenses or disbursements incurred on your behalf before the termination of our representation in accordance with the provision of this agreement.

    If you understand and agree to the representation and the fee arrangement set forth herein, please print and sign this letter indicating your agreement and return it to me along with our financial requirements, and please ask Bette to sign below committing to the funding of the retainer as described herein. If you have any questions, please contact me at any time.

Very truly yours,

Carl T. Gulliver

CTG/bms

Agreed to:

By: _____  Date: Dec 2, 2019
    Lee Kraus

I hereby agree and commit to the funding of the retainer as set forth above.

By: _____  Date: Dec 2, 2019
    Bette Kraus